Reese, J.
delivered the opinion of the court.
This is an action of ejectment, a local action, and therefore brought in the county where the land lies, as by law it must have been — this was Haywood county. After the suit had been pending for some time in the circuit court for that county, the presiding judge, who had been of counsel in the case, deeming himself not competent to try the cause, of his own mere motion, without the application of either party, ordered the clerk to transmit the papers in the case for trial, to Har-,deman county, in another circuit. The Judge of that circuit correctly believing that he derived, from the above act and order of the other Judge, no power and jurisdiction whatever to try the cause, ordered the same to be re-transmitted to the circuit court of Haywood county; where, after a considerable interval, the presiding Judge again ordered, in the same manner, the papers in the cause tobe transmitted to Gibson county, a circuit different from either of the former mentioned. The Judge presiding in Gibson county, in like manner with him who presided in Hardeman, ordered the papers, for alike reason, to be again re-transmitted and sent back to Haywood circuit court, and in that county, the original and proper county where the land lies, was the suit tried by a jury, and a verdict and judgment given in favor of the lessee of the plaintiff. At the first term after the papers re-appeared in the county of Haywood, the defendant entered a rale to show *421 cause why the court should not .enter an order or judgment of discontinuance in the cause, which rule, upon argument was subsequently discharged; and one of the errors assigned here in argument is, that, in this, the circuit court erred.
It is conceded on all sides that there was entire defect of power, either by common or statutory law, in the circuit court of Haywood county to order and adjourn the cause from the court of that county, first to that of Hardeman, and then to that of Gibson; such order of the court, on its own motion, was therefore merely void. The papers, indeed, were in fact borne mechanically and deposited in the courts of those other counties, but the lawsuit, the legal contestation between the parties with regard to the possession and title of the land, was not sent away, but, on the contrary, continued to retain its legal status in the circuit court of Haywood; and, during the interval, the attempt of the court to send away the cause, and the omission of the clerk to give it its proper place upon the docket, no more operated a discontinuance of the cause, than would the loss of the papers during the same interval have done so.
A discontinuance is the result of some act done or omitted by the plaintiff, which legally withdraws his cause from the power and jurisdiction of the court. He, the plaintiff, did, or omitted to do, nothing to produce such a result; what was done, was done by the court — the plaintiff could not prevent it; he could not appeal from the order to this court, it not being a final judgment, and he had, therefore, no remedy but to submit; and without some act done or omitted by him, his cause could not be discontinued.
A deed in the cause was permitted to be read on the part of the plaintiff, where the bargainor and attesting witness being dead, proof of their handwriting was made, pursuant to the act of 1811, ch. 39, sec. 2, except that such proof was made in courts of record in the State of North and South Carolina, and the certificates are in usual form, by the clerk certifying under the act of Congress, and not in the manner pointed out in the 2d sec. of the act of 1820, alleging that the probate was made pursuant to the laws where made as required by such act. But the 2d clause of the 8th section *422 of the act of 1839-40, ch. 26, dispenses -with the character of certificate required by the act of 1820, ch. 20, sec. 2. It provides that “when the certificate of a clerk of a court of record having jurisdiction to take the probate of deeds or other instruments required to be i’egistered in this State, should show that any deed or other instrument has heretofore been proved by proof of the handwriting of bargainor or maker of such deed or other instrument, or of the handwriting of one or more of the subscribing witnesses thereto, pursuant to any of the laws now in force in this State, the probate and registration of such deed or other instrument shall be deemed good and effectual.” It matters not, therefore, now, what is the state of the law on the subject in the State where the probate is made, and the same need not be certified. It is sufficient when the probate is made in another State, that it be done in a manner pursuant to our own laws, and so as to have been good if done here. That we take to be the meaning and legal effect of the 9th section of the act of 1839. There is no error then upon this ground. There is still less ground to object to the validity of the probate of the will read on behalf of the plaintiff below. The objection is one relating to the identity of the instrument, the probate stating, “this will was proved,” &c., without describing it by the name of the testator or its contents. The decisions made in this State in relation to probate of deeds after this manner, were never intended to embrace the probate of wills; because, the reason could not exist — only one will of the same party could find a place upon the records. If, however, these decisions in terms or by analogy had extended to such-a case, the act of 1839 would have superseded their effect and operation.
Let the judgment be affirmed.